WILLS et al. v. BATES COUNTY et al.

(Circuit Court, W. D. Missouri, W. D. June 1, 1909.)

1. DRAINS (§ 20*)—CONSTRUCTIVE OF MISSOURI STATUTE—NATURE AND LIABILITY OF DRAINAGE DISTRICT.

The Missouri drainage act (Rev. St. 1899, § 8283, as amended by Laws 1905, p. 182 [Ann. St. 1906, p. 3918]), which authorizes the county court of a county to let contracts for drainage work, to issue and sell bonds to raise the necessary money, payable from assessments to be made by such court on the lands of the drainage district, and to direct the issuance of warrants on the county treasurer in payment for the work, and further provides that "if the court shall find in favor of the improvement the lands which, as hereinafter provided, it may be found will be thereby benefited shall for the purposes of this article constitute a drainage district which shall be designated by number," does not make such drainage district a quasi corporation of the county which can be sued by a contractor to recover for work done, but such an action lies only against the county which is the contracting party.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 20.*]

2. DRAINS (§ 49*)—CONTRACT FOR CONSTRUCTION—LIABILITY OF COUNTY.

A contract for drainage work under such statute, executed by the chief engineer of a district with the approval of the county court, which issued and sold bonds of the district to pay for the work and paid for a large part thereof from the proceeds, is the contract of the county, made by the engineer as its agent.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 49.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**8.** Drains (§ 49*)—Action on Contract for Drainage Work—Sufficiency of Petition.

A petition in an action against a county to recover for the construction by plaintiff of a section of a drainage ditch, which alleges that plaintiffs entered into a written contract with the county to construct the ditch by sections, that when it was found that the earth through which said section was to be constructed was of materially different character from that called for by the specifications and profile on which the contract was based, on petition to the county court it was agreed that plaintiffs should complete the work without prejudice to the right of either party to have the question determined whether or not it was within the contract, and that plaintiffs did complete the work at a greater cost, states a cause of action to recover for such work.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 49.′

On Demurrers to Petition.

Lowe & Shannon and William Mumford, for plaintiffs.
Thos. J. Smith, for defendants.

PHILIPS, District Judge. This case has been submitted on the demurrers filed by the respective defendants, and also on motion to make the petition more specific. The petition is based upon a contract made between plaintiffs' assignor and one A. H. Bell, as chief engineer, for construction of a drain in drainage district No. 1, Bates county, Mo. The ditch was divided into certain sections of different numbers for construction. The work was done by the plaintiffs, accepted and paid for by the county, except as to one division, about which this controversy arises.

The claim of the petition is that the character of the formation of the earth through which this portion of the ditch was to be constructed was materially different from that called for by the contract, and was not of such formation as the profiles furnished by the engineer called for; that, as disclosed by the profiles the work required by the contract was to be done by steam dredge, could not be done therewith by reason of the undisclosed formation, rock, etc.; that this fact was brought by petition of the contractor to the attention of the county court, and that the county court thereupon, in effect, directed the plaintiffs to proceed with the completion of said work, without prejudice to either party as to whether the additional and more expensive work to excavate and of construction came within the terms of the original contract; that the plaintiffs thereupon proceeded to perform and complete the said work at an additional expense of construction, for which the county refused to pay, and to recover which this suit is brought.

The suit is brought against both the county and drainage district No. 1 of Bates county. The separate demurrers of the defendants raises the question, first, of a misjoinder of parties defendant. Without entering into any detailed discussion, I am of opinion that the demurrer is well taken as to the defendant drainage district. The whole scope and tenor of the statute under which the contract was made indicate that it was made, in effect, under orders of the county court of Bates county, in pursuance of a power conferred upon it by the Legislature.

The only provision respecting the drainage district as a legal entity is found in section 8283, Rev. St. 1899, as amended by Laws 1905, p. 182 (Ann. St. 1906, p. 3918), which recites that:

"If the court shall find in favor of making the improvement, the lands which, as hereinafter provided, it may be found will be thereby benefited, shall, for the purpose of this article, constitute a drainage district which shall be designated by number."

This does not by any means, it seems to me, constitute such drainage district a quasi corporation of the county. It was nothing more than the designation of the district to be especially benefited by the construction of the draining ditch, for the purpose of ascertaining the property situate therein to be assessed to raise the necessary revenue to pay for the construction. The act, taken in its entirety, clearly enough indicates that the county court had entire control and supervision of the matter of authorizing the construction work, and was, in contemplation of the statute, the responsible party to contract therefor, and to and from whom the contractor must look for his pay. The county court on petition, provided for by the act, could issue bonds to be sold by the treasurer of the county, payable out of the assessments on the property of the district, and the fund arising therefrom was to meet the undertakings of the county to pay for the work. I am therefore unable to see that any judgment could be rendered against the drainage district for the work done by the plaintiffs. The demurrer, therefore, on behalf of the drainage district is well taken.

For the reasons above indicated, I think the county is the responsible contracting party for the work so done, as it required its approval and order to authorize it. It alone could direct the assessment upon the property of the district for the payment of the construction. It alone could order the bonds to be issued and sold for raising the necessary revenue for the payment; and, as the petition alleges that bonds were so issued and sold, the proceeds of which are in the hands of the county treasurer, the county court is the only authority to direct the issue of the warrant on the treasurer for payment of the work when completed. If it fail to issue such warrant, as the petition alleges, the remedy for the relief of the contractor must be against it. Whether or not the judgment, if obtained, should go against the county in personam, or whether the prayer of the petition should be, on the finding of the issues for the plaintiff, that the county court be required to issue and deliver the warrant on the treasurer for the satisfaction of the judgment, may be an interesting question in the determination of the case, if it appear that the proceeds of the bonds in the hands of the county treasurer are sufficient to satisfy the demand. It is sufficient here for the court to say that, if it should turn out to be the proper remedy, the prayer of the petition could be amended accordingly.

It is urged that the contract in question does not purport to have been made with the county of Bates, eo nomine, but with one A. H. Bell, as chief engineer of said drainage district. But it appears from further allegations of the petition that after the engineer had made survey of the district, and submitted the same to the county court, with maps and profiles, and a complete plan for draining and reclaiming the

lands in said district, etc., the said county court, in pursuance of the statute, issued the bonds of the drainage district, equal to the tax levy, which bonds were sold in accordance with the provision of the statute, and the proceeds of the sale are in the hands of the treasurer of the drainage district, he being the county treasurer of Bates county; and that there yet remains in the possession and custody of said treasurer the sum of $74,000, the proceeds of said sale, for the work done by the plaintiffs.

Looking at the provisions of the statute, under which this whole transaction was had, this engineer was nothing more than the agent or instrument of the county for making this contract; and as it sufficiently appears from the allegations of the petition, taken as a whole, that the county court recognized and acted upon this contract, paid for the work done thereunder, except for that portion herein in controversy, it does seem to me that, giving effect to substance rather than mere form, it sufficiently appears that the contract was made with the county for the work, to be paid for in the manner aforesaid.

The only other objection raised by the demurrer of any importance is that the action is based upon a specific contract for the completion of the entire work, and that the petition discloses on its face that the contract was not performed in full by the contractor, and therefore there can be no recovery. It may be conceded to this contention that, where the action is predicated of a specific contract, the plaintiff, in order to recover, must aver and prove a performance thereof by him. No recovery can be had upon such petition for a quantum meruit. But that is not all of the petition in this case. It charges and discloses that, as to that part of the construction work in question, the plaintiffs were not required, by a correct construction of the contract, to perform by reason of the matters hereinbefore stated; and that thereupon, when the matter was brought by the plaintiffs to the attention of the county court, the parties entered into a new convention, whereby it was agreed that the plaintiffs should proceed to finish the remaining work, without prejudice to the county to pay the additional expense of the remaining construction, if the same should be held to come within the terms of the original contract; the clear implication being, from the allegations of the petition and the order of the county court, that, if such additional cost of construction was not within the provisions of the original contract, the county court would see to it that the plaintiffs should be paid therefor. This, in my opinion, is the essence of the controversy as disclosed on the face of the petition. My conclusion, therefore, is, that the demurrer as to Bates county should be overruled, and the parties be put to trial; and when all of the contracts are before the court, and the facts are all developed, the court will be in better position to determine the rights of the parties.

While the petition may be somewhat inartificially drawn, the detailed statement of facts is reasonably sufficient to advise the defendant of what it is called into court to try. This is sufficient under the practice act of the state.