THE STATE ex rel. CORNEAL HERMAN, An Infant, by JOSEPH RENARD, Her Next Friend, v. COUNTY COURT OF ST. LOUIS COUNTY.

In Banc, December 4, 1925.

1. **MANDAMUS:** Dismissal: Upon Court's Own Motion. If the writ of mandamus shows on its face that it was improperly awarded, the court, in the exercise of its discretion, may dismiss it, and refuse

State ex rel. Herman v. County Court.

to consider the many technical grounds on which respondent's motion to quash is based.

2. ———: **To Enforce Private Right.** In a mandamus instituted to enforce a private right, relator, in order to be able to maintain the action, must show that she has some beneficial interest in the thing which she seeks to have done.

3. ———: **Motion to Quash: Equal to Demurrer.** A motion to quash the writ of mandamus is tantamount to a demurrer, and consequently the facts alleged in the alternative writ stand admitted.

4. **STATUTE: Construction: Transposition of Clauses.** The court in construing a statute will transpose clauses where, as they stand, it is unintelligible, and by the re-arrangement the intention as manifested by the whole act may be gathered.

5. ———: **Private Right: Right of Colored Pupil to Attend High School: To Compel County to Pay Tuition Debt.** The Act of 1921 (Laws 1921, p. 614) declaring that until such time as a colored consolidated high school has been furnished, any colored person of school age, who is a resident of such county and shall have completed a prescribed course of study, "shall be permitted to attend any public high school in any adjoining city or county" upon complying with certain prescribed conditions, and requiring the school district in which she resides to pay her tuition, or if the district, after voting the maximum levy, does not have sufficient funds to maintain its schools, requiring the county court to pay her tuition out of the incidental funds in the county treasury, confers upon such a pupil a private right, and having complied with all the antecedent conditions it becomes the duty of the high school of the adjoining county or city to which she applies, to receive her as a pupil, and her tuition to the board of such high school becomes a debt of either the school district or the county in which she resides, and that debt being due it becomes the duty of the board of the high school to collect it, instead of wrongfully suspending her from further attendance when the tuition is not paid. Being a debt due and unpaid, her right to attend the high school is in no way dependent upon the payment of her tuition, and mandamus by her to compel the county court to pay her tuition is not the proper remedy.

Corpus Juris-Cyc. References: Mandamus, 38 C. J., Section 550, p. 845, n. 62; Section 624, p. 897, n. 17, 20; Section 671, p. 915, n. 55 New; Section 679, p. 918, n. 15 New. Schools and School Districts, 35 Cyc., p. 1120, n. 86.

# Mandamus.

State ex rel. Herman v. County Court.

DISMISSED.

*A. & J. F. Lee* and *Joseph Renard* for relator.

(1)   It conclusively appears on the face of the writ that a clear and legal duty is imposed by law on the respondent to perform the specific act to which the writ is directed, and it further appears on the face of the writ that respondent is clothed with authority to perform the specific act to which the writ is directed.   Therefore, the motion to quash should be denied.   State ex rel. v. Taylor, 224 Mo. 468; State ex rel. v. Bollinger, 219 Mo. 204; Kirley v. Dist. Sc. Board, 97 Mo. App. 614; R. S. 1919, Sec. 12866.   (2)   Under the law, the respondent is clothed with authority to make the payment, sought to be enforced, out of funds within its control, without the action or co-operation of other person or persons.   Authorities supra.   (3)   The writ does not compel additional levies of taxes, but merely directs the payment of relator's tuition out of the county court's incidental funds.   Authorities supra.   (4)   The writ does not require alternative action, but directs performance of a specific and ultimate act, which is the payment of relator's tuition, as provided by law.

*John A. Nolan* for respondent.

(1)   It appearing on the face of the writ that no clear legal duty is imposed by law on the respondent to perform the specific act to which the writ is directed, or it appearing on the face of the writ that respondent is without power or authority to perform the specific act to which the writ is directed, the motion to quash should be sustained.   State v. Albin, 44 Mo. 346; State v. Newman, 91 Mo. 445; State v. Williams, 99 Mo. 291; State v. Lesseur, 136 Mo. 452.   (2)   When it appears from the petition that the performance by respondent of the specific act required by the writ will necessitate the action and co-operation of other persons, not within the con-

trol of respondent, in order to effectuate the purpose sought to be accomplished, the writ should be quashed. Secs. 11142, 11159, 12860, R. S. 1919; State v. Cusenberry, 97 Mo. App. 613; State ex rel. v. Wabash Ry., 97 Mo. 296; Brooks v. Schultz, 178 Mo. 222; State v. Gordon, 181 S. W. 1016. (3) A petition seeking to compel the payment out of public school funds must show on its face that funds are available from which respondent is authorized to make such payment, or that respondent possesses the power to create a fund from which such payment might be made. Failing to show such facts, it is bad, and the writ should be quashed. Morrow v. Pike County, 189 Mo. 610; State v. Gordon, 181 S. W. 1016.

RAGLAND, J.—This cause was argued and submitted at the April term, but owing to the protracted illness and subsequent death of the member of the court to whom it was originally assigned the preparation of an opinion has been delayed until now. It is an original proceeding in mandamus. Relator is a colored person of school age residing in St. Louis County. She seeks to compel the county court of that county to pay her tuition as a pupil in the Sumner High School in the city of St. Louis. She bases her right to such relief on Section 4 of an Act of the Legislature passed in 1921, authorizing the establishment of high schools for colored children in all counties having a population of 100,000 inhabitants or more and less than 200,000. The section in question follows:

"Until such time as a colored consolidated county high school has been furnished, as provided herein, any colored person of school age, who is a resident of such county and shall have completed the course approved by the department of public instruction for the school districts in such county, such person shall be permitted to attend any public colored school in any adjoining city or county, when said pupil has met all requirements laid down by the board of education in carrying out a course of study for said high school. Any colored person apply-

ing for permission to any colored high school, under the provisions of this act, shall present to the officials of such colored high school to which he desires to attend, the affidavit of his or her father, mother or guardian that such applicant is of school age and a resident of the school district of said county, specifying the district, and that the district in which he resides does not offer a four-year high school course for colored persons. He shall also present a certificate signed by the county superintendent, showing that he has completed the work in the eighth elementary grade, as set forth in the state course of study. The school district in which such student resides shall pay to the secretary of the school board in the district in which such student shall be permitted to attend a tuition fee equal to the average cost per pupil for maintaining said colored high school during such attendance, which shall not exceed, however, a total period of four years; one-half of said tuition to be paid at the beginning of the first semester and one-half at the beginning of the second semester, when the school board of the school district in which said pupil resides has received a written statement of the attendance of said pupil from any person authorized by said school board to issue said statement; if the pupil attends less than a full semester, the school district attended shall be entitled to the full tuition for the given semester; provided, that when any school district voting the maximum levy for school purposes, as provided in Section 11, Article 10, of the Constitution of Missouri, shall not have sufficient funds to maintain their public schools within the general average cost per pupil for all the schools within the county, the county court shall pay out of the incidental funds in the county treasury the tuition of pupils attending a colored high school from said school district; *such payment to be made out of the teacher's and contingent funds of the debtor school district, and such tuition fees so collected by the secretary shall be turned over by him, with an itemized statement, to the treasurer of said school district.*" [Laws 1921, p. 614.]

From the averments contained in the alternative writ it appears that the relator is a colored person of school age residing in Normandy School District in St. Louis County; that she has completed the course approved by the department of public instruction for the school districts in said county; that no consolidated high school for colored persons has been furnished for Normandy School District, or St. Louis County; that relator on the —— day of October, 1924, presented to the officials of the Sumner High School, a high school for colored persons in the city of St. Louis, the affidavit of her father and the certificate of the county superintendent of St. Louis County, both in conformity with the requirements of the statute, and was thereupon received as a pupil in said high school; that thereafter the secretary of the Board of Education of the city of St. Louis requested the Normandy School District to pay to him a tuition fee for relator equal to the average cost per pupil for maintaining said high school, which request was refused on the ground that said district did not have funds available for that purpose; that said secretary then made a similar demand on the County Court of St. Louis County, which was also refused; and that thereupon and solely because of such refusals relator was suspended from the Sumner High School and denied the privilege of further attendance thereat.

The alternative writ was directed to the County Court of St. Louis County. It commanded that said court "without further delay or excuse, immediately after the receipt of this writ, pay the tuition of the said relator to the Sumner High School in the city of St. Louis, Missouri, out of the incidental funds in the county treasury of said St. Louis County, or out of the teacher's and contingent funds of the Normany School District, or, in the event there is no such fund or funds, that you, the said county court, do create such fund or funds, and do pay to the said Sumner High School, or any consolidated high school, which the said relator desires to attend, the tuition as aforesaid," or show cause, etc.

State ex rel. Herman v. County Court.

The only pleading filed on the part of respondent is a motion to quash the alternative writ. It is based on a number of technical grounds, but these we deem it unnecessary to consider. The writ on its face shows that it was improperly awarded, as we shall presently point out; in such case this court, in the exercise of the discretion still allowable in proceedings of this character, may dismiss it of its own motion.

It is obvious that relator has instituted this proceeding for the purpose of enforcing a purely private right and not to compel the performance of a public duty. In order to be able to maintain the action therefore she must show that the has some beneficial interest in the thing which she seeks to have done. [State ex rel. v. Stone, 269 Mo. 342; 13 Ency. Pl. & Pr. 638.] The motion to quash is tantamount to a demurrer, consequently the facts alleged in the alternative writ stand admitted. Whether those facts disclose that any right of relator is involved in the matter of the payment by respondent of her tuition as a pupil of the Sumner High School must be determined upon consideration of the statute just quoted.

Before examining the statute for the purpose of ascertaining specifically the rights conferred and the obligations created thereby a matter of construction must be attended to. The clause which we have italicized should be transposed so as to fall between the words "for the given semester" and the words "provided, that." This because the latter part of the section as it now stands is unintelligible, whereas if so re-arranged it will clearly manifest the intention of the Legislature which may be gathered from the act as a whole, namely: that school districts falling within the class therein designated shall pay out *of the teacher's and contingent funds* the tuition of colored children entitled to be admitted, and who are admitted, as pupils into a high school in an adjoining county or city, provided, that if such district after voting the maximum levy for school purposes as provided by the Constitution shall not have sufficient funds to maintain their public schools within the general

average cost per pupil, for all the schools within the county, then the county court shall pay such tuition out of the incidental funds in the county treasury. If further evidence of the propriety of transposing the clause, "such payment to be made out of the teacher's and contingent funds of the debtor district, etc.," be desired, the section should be compared with Section 11322, Revised Statutes 1919, from which it was evidently modeled. In the latter section the same clause is used and in the same connection in which it appears in the section under consideration after its transposition.

A reading of the statute (said Section 4) shows that it naturally falls into two parts. The first confers a right; and the second creates an obligation. The right is described in this language: "Until such time as a colored consolidated county high school has been furnished . . . any colored person of school age, who is a resident of such county and shall have completed the course approved by the department of public instruction for the school districts in such county, *such person shall be permitted to attend any public colored high school in any adjoining city or county.*" Next follow the conditions precedent to the enjoyment of the right, to-wit: (1) The applicant must meet "all requirements laid down by the board of education in carrying out a course of study for said high school;" (2) he must "present to the officials of such colored high school to which he desires to attend the affidavit of his . . . father . . . that such applicant is of school age and a resident of the school district of said county, specifying the district, and that the district in which he resides does not offer a four-year high school course for colored persons;" and (3) he must also "present a certificate signed by the county superintendent showing that he has completed the work in the eighth elementary grade, as set forth in the State course of study." Relator unmistakably falls within the class upon whom the right is conferred, and having complied with all the prescribed antecedent conditions she was entitled without more to be permitted

to attend a "colored high school" in the city of St. Louis. The statute does not make it incumbent upon her to persuade, or compel, the school district in which she resides, or the respondent county court, to pay her tuition. By virtue of the concluding part of the statute her tuition as a pupil of the Sumner High School became a debt owing to the Board of Education of the city of St. Louis by either (1) the Normandy School District or (2) St. Louis County. The payment of this statutory indebtedness was no concern of hers; it was due and owing to the Board of Education of the city of St. Louis and it was that board's duty to collect it instead of wrongfully suspending relator from further attendance at one of its high schools for colored children.

It appearing that relator's right to attend a high school in the city of St. Louis for colored children is in no way dependent upon the payment of the tuition incident thereto, she has no interest to be subserved in compelling such payment. Our alternative writ is therefore quashed and the proceeding dismissed. All concur, except *Otto, J.,* not sitting.