Gloyd v. Gloyd.

---

FLEMMON E. GLOYD, Appellant, v. SAMUEL M. GLOYD, WALTER B. TAYLOR and WILLIAM B. GLOYD, as Trustees, and GEO. H. ENGLISH, Administrator of Estate of ALBERT M. GLOYD, Appellants, and MAIETTE S. GLOYD, Respondent.

Division Two, March 18, 1922.

1. **SUIT IN EQUITY: Final Decree: Validity Determined as of Its Date.** Where, after the trial and final decree in a suit in equity, a settlement is made with one of the defendants by the other parties, plaintiff and defendant, who all appeal from said decree,

Gloyd v. Gloyd.

the validity of said decree is to be determined on such appeal up-
on the theory that the respondent settled with was a party to the
litigation and in court asserting her legal rights when said decree
was rendered.

2. ————: ————: Sale of Partnership Property: Allowance to Com-
missioner.    Ten thousand dollars was a reasonable allowance to
a special commissioner who sold partnership real estate for seven
hundred thousand dollars, under the final decree in a suit in
equity brought to sell such real estate to pay partnership debts
and to convey a good title freed of all claims of all persons having
any interest therein, in order to realize the fair value thereof and
to prevent waste and loss to the partnership estate.

3. ————: ————: ————: Receiver: Jurisdiction.    Plaintiff and his
brother were equal partners in the lumber business.    The part-
nership owned valuable real estate in Kansas City, Missouri.    The
brother married, and thereafter, while temporarily in Colorado,
made a will whereby (after giving his household goods, jewelry
and automobiles to his wife) he devised and bequeathed his es-
tate to plaintiff and another brother and his wife as trustees upon
trusts to pay certain annuities and at the end of three years his
wife was given fifty-two per cent of all the trust estate, including
accumulated undisposed-of income.    On the same day he added a
codicil providing for any heir who might be born to his wife
after his death.    Contemporaneously, at the foot of his will, his
wife, by a signed and attested writing, accepted the trust and
benefits of the will, and in consideration of its benefits to her
waived and relinquished her dower rights.    About a year later
the testator, having established his residence in California, made
a new will, expressly revoking the former one, and by it devised
and bequeathed his entire estate to plaintiff and another brother
and a nephew as trustees upon certain trusts and with certain
powers, and directed them out of the "net income" of his estate
to pay certain legacies and among others to pay his wife the sum
of ten dollars and no more.    Five months thereafter he began suit
in California against his wife for divorce, and in such suit four
months later an interlocutory decree was rendered in his favor,
which recited "that the plaintiff is entitled to a divorce from the de-
fendant and that when one year shall have expired after the entry
of this interlocutory judgment, a final judgment and decree shall
be entered granting a divorce herein, wherein and whereby the
bonds of matrimony heretofore existing between the said plain-
tiff and the said defendant shall be dissolved," etc. Before the year
expired the testator died, and shortly thereafter his California
will was probated in California, and his wife rejected it and refused
the ten-dollar gift given her in it.    Shortly after the death of

Gloyd v. Gloyd.

testator, plaintiff, as surviving partner, qualified in the Probate Court of Jackson County, Missouri, as administrator of the partnership estate and took possession of the partnership property. Some seven months later the testator's wife filed her bill in equity in the Federal court at Kansas City, describing the partnership property and its location, and asserting that it was subject to the Missouri law of descents and distribution and setting up the Colorado will and her relinquishment of her marital rights as a contract, and claiming that she was testator's wife at the time of his death and his widow by his death, and, in the alternative, that if the Colorado will was not a contract then she was entitled to dower and marital rights under the laws of Missouri and elected to take one-half of her deceased husband's estate and praying relief accordingly. All the trustees and beneficiaries under the California will and plaintiff in this suit as surviving partner were made parties to such bill. Two months thereafter, the California will was probated in Jackson County, Missouri. Two months thereafter plaintiff brought this suit in equity as surviving partner, the general object of which was to sell the partnership real estate, so as to pass good title as against all persons having any possible interest therein, in order to realize the fair value thereof and prevent a sacrifice and loss to the estate and to pay the partnership debts and settle the partnership estate and establish plaintiff's rights as surviving partner. In this petition plaintiff set up the California will and its probate and made all parties in interest, parties defendant, including testator's wife, and denying that she was the wife of testator when he died or his widow thereafter and averring that she had no interest in his estate except the ten-dollar legacy provided by the California will. After the bringing of this suit all the parties defendant in the suit of testator's widow in the Federal court filed a joint answer to the bill in that suit. Thereafter the testator's widow filed her answer to plaintiff's petition in this suit, setting up substantially the facts alleged in her bill in equity in the Federal court and averring that the State court had no jurisdiction in so far as this suit sought to sell any partnership real estate over and above the amount necessary to pay partnership debts or sought to distribute her rights in the surplus real property, as such effort invaded and tended to override the jurisdiction of the Federal court in her suit already pending therein, and alleging further that in no event should any of said real estate be sold except by a commissioner appointed by the circuit court for that purpose and as a judicial sale, in order that the proceeds of such sale should be in the hands and treasury of the court for proper distribution on final determination of said Federal court suit and her rights and interest therein be protected. The allegations of such answer were put in issue

by reply, and the other defendants filed answers practically admitting the allegations of plaintiff's petition. *Held*, that the trial court had jurisdiction to order a sale of the partnership real estate and to appoint a special commissioner to make such sale, and to require such sale to be reported to the court for its approval and confirmation and to allow the commissioner compensation for his services and to order him to pay to plaintiff as surviving partner a certain part of the proceeds of such sale to be used in paying the partnership debts, and to pay another part thereof to a receiver to be held by him subject to the further order of the court for the contingent purpose of supplying any possible deficiency in funds to pay partnership debts, upon a showing to be made to the court, and to pay to plaintiff surviving partner one-half of the balance as his interest in the partnership property, and out of the balance to pay to the receiver a sum named to cover costs of the case, and after that to pay out of the balance forty-eight per cent to plaintiff as surviving partner, his claim thereto being agreed to by the trustee under testator's California will, and to pay the other fifty-two per cent of such balance to the receiver to hold and disburse the same under the direction of the court, and, finally, to appoint a receiver for the purpose aforesaid.

Appeal from Jackson Circuit Court.—*Hon. Edward E. Porterfield*, Judge.

AFFIRMED AND REMANDED.

*A. F. Evans* for plaintiff; *George H. English* for Trustees and Administrator; *B. R. Hogan* for Gloyd Realty Company.

(1), Partnership equities consist of the right each partner has to have the entire assets of the firm applied, first, to the payment of partnership debts; second, to advances made by him to or on behalf of the partnership; third, to the restoration to each partner, on settlement of the partnership accounts, of that part of the capital which has been contributed by him to the common stock; and, fourth, distribution of the residue in proportion to his interest in the partnership. Carlisle's Admr. v. Mulheim, 19 Mo. 56; Priest v. Chouteau, 85 Mo. 406; Dyer v. Clark, 5 Met. 562; 3 Pomeroy's Eq.

Gloyd v. Gloyd.

Jur. sec. 1243, p. 2982; 20 R. C. L. 1031, sec. 273; Buchan
v. Sumner, 2 Barb. Ch. 165, 47 Am. Dec. 313.   (2)  Part-
nership real estate is to be treated in equity to all in-
tents and purposes as personally, and is subject to all
equitable rights which apply to the personal estate.   Car-
lisle's Admr. v. Mulheim, 19 Mo. 56; Troll v. St. Louis,
257 Mo. 626; Bell v. McCoy, 136 Mo. 252; Armour v.
Frey, 253 Mo. 447; Easton v. Courtwright, 84 Mo. 27;
Arnold v. Wainwright, 6 Minn. 358; Crocker v. Crocker,
46 Me. 250; Riddle v. Whitehill, 135 U. S. 621; Bates,
Partn. sec. 300; 1 Rowley, Mod. Law of Partn. p. 324,
sec. 286.   (3)  All rights of action concerning partner-
ship property vests in the survivor.   Hagardine v. Gib-
bons, 114 Mo. 565; Easton v. Courtwright, 84 Mo. 33.
And this is the law even though the survivor neither
qualifies nor gives bond, in all cases where the executor
or administrator of the deceased partner is not appointed
administrator of the partnership estate.   Easton v.
Courtwright, 84 Mo. 38; Crook v. Tull, 111 Mo. 288;
Goodson v. Goodson, 140 Mo. 215; Bredow v. Savings
Inst., 28 Mo. 181; State ex rel. v. Hubbard, 203 S. W.
251.   (4)  Individual members of a firm have no several
interest in the partnership property.   The title is in the
firm as an entirety, and the interest of each partner is
what remains after partnership debts are paid and ac-
counts between partners adjusted.   Easton v. Court-
wright, 84 Mo. 39; Lyman v. Lyman, 2 Paine (U. S.
Cir. Ct.) 11; McPherson v. Swift, 22 S. D. 165;
1 Rowley, Modern Law of Partn. sec. 291; 22 Am.
& Eng. Ency. Law, 95.   (5)   The surviving part-
ner, and the trustees of the deceased partner and his
personal representatives, and successors in interest have
the right to demand and compel conversion of partner-
ship property into money as the only means by which
they may know that they, respectively get their just
share or portion.   Bispham's Equity, sec. 514; 30 Cyc.
689; Godfrey v. White, 43 Mich. 179; 22 Am. & Eng.
Ency. Law (2 Ed.), p. 99; Lyman v. Lyman, 2 Paine
(U. S. Cir. Ct.) 11; Darby v. Darby, 2 Drewery, 503;

Dickinson v. Dickinson, 29 Conn. 600; Singleton v. Moore, 262 Fed. 357. (6) The circuit court, by its final decree, assumes to exercise judicial power not granted by law to it, and invades the jurisdiction of the probate court, causes a conflict of jurisdiction and greatly impedes and impairs the administration of justice in the Probate Court of Jackson County. (a) The probate court is vested with exclusive original jurisdiction over the administration and settlements by the surviving partner of the co-partnership estate of the Gloyd Lumber Company, and also exclusive original jurisdiction of all matters relating to the administration of the estate of Albert M. Gloyd, deceased. Sec. 34, Art. VI, p. 129, Mo. Constitution; Secs. 2542, 189, 80 to 92, 220, R. S. 1919; Gregory v. Menefee, 83 Mo. 413; Easton v. Courtwright, 84 Mo. 36; Miller v. Woodward, 8 Mo. 169; Pearce v. Calhoun, 59 Mo. 271; Ensworth v. Curd, 68 Mo. 282; Caldwell v. Hawkins, 73 Mo. 450; In re Estate of Elliott, 98 Mo. 384; Scott v. Royston, 223 Mo. 568; Strode v. Gilpin, 187 Mo. 391; Hammons v. Renfrow, 84 Mo. 332; State ex rel. v. Bird, 253 Mo 569; State ex rel. v. Shackelford, 263 Mo. 62; State ex rel. v. Tincher, 258 Mo. 15; 3 Pomeroy's Eq. Jur. (4 Ed.) sec. 1154; Johnson v. Beazley, 65 Mo. 250; Overton v. McFarland, 15 Mo. 312. (b) Jurisdiction to administer the estate of a partnership, dissolved by death, is vested in the probate court of the county where the business of the partnership was conducted. R. S. 1919, sec. 80. And the administration of a partnership estate includes the following: Fixing the amount of the surviving partner's bond. R. S. 1919, sec. 83. Compelling inventory of property. R. S. 1919, sec. 66. Fixing amount of bond of executor or administrator of deceased partner, in event surviving partner fails to give bond. R. S. 1919, sec. 85. Allowing demands against partnership estate when the surviving partner refuses or neglects to pay them. R. S. 1919, secs. 88, 90. Allowing demands against partnership estate in all cases when the executor or adminis-

trator of the deceased partner takes charge of partnership effects. R. S. 1919, secs. 88, 90. Exercise of general jurisdiction over administration of partnership estates. R. S. 1919, secs. 91, 92. Fixing and allowing compensation to surviving partner. R. S. 1919, sec. 220; Hope v. Jones, 24 Cal. 89. Allowing credit to surviving partner for expenditures. R. S. 1919 sec. 220. Allowance and classification of demands. Elevator Co. v. Thompson, 166 Mo. App. 170. Giving credits for uncollected accounts. Skinner v. Whitlow, 184 Mo. App. 245. Requiring notice of final settlement. State ex rel. v. Donegan, 12 Mo. App. 198. Appointing successor to the surviving partner in event of his death. State ex. rel. v. Hubbard, 199 Mo. App. 137. Allowing fees of attorneys of surviving partner. Skinner v. Whitlow, 184 Mo. App. 229. Executing judgments of other courts allowing demands against the estate. Bank v. Clifton, 263 Mo. 200. Executing judgments of courts having jurisdiction on appeal from probate court. R. S. 1919, sec. 291; State ex rel. v. Bird, 253 Mo. 591. Secs. 181 182, 207, R. S. 1919, are now applicable to partnership estates. Elevator Co. v. Thompson, 166 Mo. App. 170. Secs. 231, 232, R. S. 1919, apply to partnership estates. Skinner v. Whitlow, 184 Mo. App. 245. The surviving partner is now required to give notice of his final settlement in the probate court. State ex rel. v. Donegan, 12 Mo. App. 198. (c) The surviving partner cannot, if he wished, put it out of his power to wind up the partnership estate in the probate court, or take away from the administrator *de bonis non* the right and duty imposed on him by law to take charge and make such settlement of partnership estate when surviving partner does not. Nor does assumption by the circuit court of jurisdiction over the property oust the probate court of its lawful jurisdiction. R. S. 1919, secs. 81, 85; Bell v. McCoy, 136 Mo. 552; State ex rel. v. Withrow, 141 Mo. 69; Brown v. Woody, 64 Mo. 550; Dodson v. Scroggs, 47 Mo. 287. (7) Courts of equity do not have jurisdiction in Missouri to administer or wind up a partnership

estate which has been dissolved by death. Ensworth v.
Curd, 68 Mo. 283; State ex rel. v. Withrow, 141 Mo.
85. (8) The jurisdiction of courts of equity is
not concurrent with that possessed by probate courts,
in Missouri. Equity interposes only in special or ex-
traordinary cases which come within the scope of equity
and over which probate courts have not been given
jurisdiction by statute; or, after the probate court has
acted, on the ground of fraud or other like recognized
ground of equitable relief; and any such case of juris-
diction ceases with its necessity. Mattson & May v. Pear-
son, 121 Mo. App. 129; Society v. Eells, 68 Vt. 497;
Byers v. McAuley, 149 U. S. 619; Reinhardt v. Gartrell,
33 Ark. 727; Wallace v. Sweptston, 74 Ark. 520; 3
Pomeroy's Eq. Jur. sec. 1154; 10 R. C. L. 359, sec. 109.
(9) A court of equity cannot draw to itself jurisdiction to
allow demands against a co-partnership estate, or to al-
low compensation to the surviving partner for his serv-
ices as such, or to determine and allow costs of admin-
istration, or to distribute an estate, by granting equitable
relief in some incidental matter belonging distinctively
to equitable cognizance, such as to compel those holding
a legal title in trust to convey it to the owner and holder
of the equitable title. Mattson v. Pearson, 121 Mo. App.
129; Domestic & Foreign Society v. Eells, 68 Vt. 497;
Reinhardt v. Gartrell, 33 Ark. 727; Wallace v. Swepston,
74 Ark. 520. (10) By its final decree the circuit court
assumes to adjudge issues not made by the pleadings,
and property rights not within its jurisdiction, in this
suit; and, therein and thereby deprives the plaintiff of
his property without due process of law in violation of
Sec. 30, Art. 2, of the Constitution of Missouri, and Sec.
1, Art. 14, of the Amendment to the Constitution of the
United States. Riggs v. Price, 277 Mo. 355; Davidson
v. Davidson Co., 249 Mo. 474; In re Est. of Connor, 254
Mo. 75; Reed v. Bott, 100 Mo. 62; Ross v. Ross, 81 Mo.
84; Newham v. Kenton, 79 Mo. 382; Armour v. Frey,
253 Mo. 447; Carlisle v. Mulheim, 19 Mo. 56; Mathews

v. Hunter, 67 Mo. 293; Priest v. Chouteau, 85 Mo. 406; Troll v. St. Louis, 257 Mo. 669; Shearer v. Paine, 12 Allen (Mass.) 289; 1 Rowley, Mod. Law of Partn. sec. 598; 2 Rowley, Mod. Law of Partn. sec. 626; Dyer v. Clark, 5 Met. 562; Bispham's Prin, of Eq. (9 Ed.) sec. 511; 20 R. C. L. secs. 273, 274; 22 Am. & Eng. Ency. Law, 95. (11) The appointment of a receiver in the final decree is an unwarranted application of judicial power and wrongful invasion of rights of property of appellants. Railroad Co. v. Wear, 135 Mo. 257; State ex rel. v. Wood, 155 Mo. 445; State ex rel. v. Ross, 122 Mo. 457; Bank v. Field, 156 Mo. 312; Rees v. Andrews, 168 Mo. 177; State ex rel. v. Dearing, 184 Mo. 647; State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Aloe, 152 Mo. 466; Forster v. Scott, 136 N. Y. 577; Byers v. McAuley, 149 U. S. 608; Yonley v. Lavender, 21 Wall. 276; 22 R. C. L. 43. (a) No charge of 'fraud, mismanagement or oppressive conduct was made against the surviving partner. In the absence of such charges, the court exceeded its jurisdiction in taking partnership property away from the surviving partner and placing it in the hands of a receiver. Walker v. House, 4 Md. Ch. 39; Conner v. Conner, Harrington (Mich. Ch.) 371; Evans v. Evans, 9 Paige, 178; 30 Cyc. 729. (b) Property of a partnership estate in course of administration in the probate court is *in custodia legis.* State ex rel. v. Withrow, 141 Mo. 69; Weir v. Sullivan, 217 Mo. 167; State ex rel v. Williams, 221 Mo. 227. (12) By said final decree, the Gloyd Realty Company, the bid of which was accepted by the special commissioner, is decreed to accept and pay for a title which it never purchased or agreed to take. Voohris v. Gamble, 6 Mo. App. 1; Roden v. Helm, 192 Mo. 71. (13) Said final decree conflicts with and in effect overrules or sets aside the interlocutory decree in that by the interlocutory decree, the court adjudged and decreed that the property be sold as personal property. By the final decree, the court finds and adjudges that the property was sold as real estate which the proceeds are therein adjudged to represent. Carlisle's Admr. v. Mul-

heim, 19 Mo. 56; Holmes v. McGee, 27 Mo. 597. (14) The amount allowed by the court as compensation to the special commissioner is excessive.

*Gossett, Ellis, Dietrich & Tyler* for respondent.

(1) The final decree in this case was not erroneous as against appellants. (a) It was erroneous as against respondent, Maiette S. Gloyd, but such error is not available to appellants, and, if the final decree was not erroneous in some material respect, it should not be disturbed. (b) This respondent, having been sued herein to obtain a sale of all the partnership property, at a time when she had pending in another court a proper action to have adjudicated by way of determination her claims of interest in her husband's, a deceased partner's, share of such surplus property, was entitled to the equitable protection which this final decree gave her, although it did not give her all the protection she was entitled to have and asked for. It was discretionary with the court to set aside its decree or not. 29 Cyc. 1013; Dorum v. Bag Co., 144 Mo. App. 474; Bottling Co. v. Exposition Co., 240 Mo. 634. (2) Partnership Missouri lands not needed to be sold to pay partnership debts or adjust partnership equities, by which is meant the balancing proportionately the partners' accounts with the firm, remain realty, subject to dower, descent and devise as such and cannot be sold by the surviving partner merely for distribution or partition purposes, without joinder of the deceased partner's widow, heirs and devisees, or by sale in a winding up or partition by sale, or other proper suit. The surviving partner is not entitled to have and distribute himself from a court selling such lands the decedent partner's share not needed for the purpose of paying debts, etc. Especially is this true when in a court of equity such sale is made and the surviving partner is denying the right of one claiming as widow, heir or devisee of the decedent. Duhring v. Duhring, 20 Mo. 174; Holmes v. McGee, 27 Mo. 598; Willet

v. Brown, 65 Mo. 138; Matthews v. Hunter, 67 Mo. 293; Young v. Thrasher, 115 Mo. 227; Armour v. Frey, 253 Mo. 447; Troll v. St. Louis, 257 Mo. 670, 671; Hartnett v. Fegan, 3 Mo. App. 1; Riddle v. Whitehill, 135 U. S. 621; Clagget v. Kilbourne, 66 U. S. 346; Perrin v. Megibben, 53 Fed. 86; 19 C. J. 473, sec. 53; Shearer v. Shearer, 98 Mass. 107. (3) It is not reasonable to say that an administrator or surviving partner or his bondmen could be charged or held to account by a probate court for any part of money or funds realized on a sale made by the circuit court, withheld by such circuit court. Such showing or report would completely as an act of law be a full accounting by the accounting administrator or surviving partner administering. No administrator or surviving partner can be liable for what does not actually come into his hands as such or for what the law or a court prevents him from receiving. Crow v. Weidner, 36 Mo. 412; McPike v. McPike, 111 Mo. 216. (a) A surviving partner does not derive his authority or power from the probate court and can only be accountable to it for his receipts and disbursements of personalty or proceeds of real estate sold to pay partnership debts, and in the latter case if sold through the circuit court he is only accountable for the proceeds received from that court. Easton v. Courtwright, 84 Mo. 37. (b) The probate court would have no jurisdiction to determine an interest claimed in real estate as such or, the equivalent, its proceeds, when sold by another court of general jurisdiction. That realty converted into money remains and is to be treated as realty. Drowry v. Bauer, 68 Mo. 155; Lloyd's Estate, 44 Mo. App. 670; Jewell v. Kuettle, 39 Mo. App. 262; Gates v. Hunter, 13 Mo. 511; Hufford v. Gottberg, 54 Mo. 371; Thompson v. Railway, 110 Mo. 163; Eubank v. Fennell, 118 Mo. App. 542; 13 C. J. 876. (4) Respondent had the right to maintains the Federal court suit. Sec. 1970, R. S. 1919; Sec. 2535, R. S. 1909. (a) Exercise of equitable jurisdiction of the Federal courts is enlarged by reason of

state statute creating a new kind of equitable action and includes jurisdiction of such actions. Land Title & Tr. Co. v. Asphalt Co., 127 Fed. 19; Miss. Boom Co. v. Patterson, 98 U. S. 406; Clark v. Smith, 13 Peters, 195; Gormley v. Clark, 134 U. S. 338, 348; Reynolds v. Natl. Bank, 112 U. S. 404; Borden v. Land Co., 157 U. S. 327; Smith v. Ames, 169 U. S. 466; Kiely v. McGlynn, 21 Wall. 503. (b) Prayer for alternative relief upon all facts stated may be had and is permissible. Equity rules (U. S.) 25 and 30. A bill may be maintained to quiet title to land either as devisee or heir in alternative. Gaines v. Chew, 2 How. 619-643. Likewise that an agreement be set aside or else specifically enforced. Harden v. Boyd, 113 U. S. 756; 1 Foster's Practice, secs. 138 to 142 and 157. So a suit to construe a will pending administration is not premature. Church v. Robbison, 71 Mo. 333. The person claiming two titles may unite the same in the same bill. Stephens v. McCargo, 9 Wheat, 502; Halsey v. Goddard, 86 Fed. 28; Shelton v. Keokuk, 8 Fed. 770; Gaines v. Chew, 2 How. 619-643; Wood v. McGraw, 96 Fed. 58; Shields v. Barrows, 17 How. 130; Waterman v. Bank & Trust Co., 215 U. S. 33; McClellan v. Carlan, 217 U. S. 268-281; Ingersol v. Carlam, 211 U. S. 335; Sutton v. English, 246 U. S. 205; Eddy v. Eddy, 168 Fed. 598. (c) In Missouri the statute permits a claimant to proceed by suit in the circuit court to establish a demand. Sec. 189, R. S. 1919. (d) Again, the rights of the surviving partner do not originate in the probate court. He merely gives bond and renders accounts, etc., there to preserve his original common law and equity right to administer. He is given a certan time to so qualify. If not the individual administrator takes charge. Sec. 80, R. S. 1919; Easton v. Courtright, 84 Mo. 24; Crook v. Toll, 111 Mo. 283. (e) It is clear therefore that in proper jurisdictional cases the Federal court still clearly has the general jurisdiction to maintain a bill at suit of heirs, widow and devisees, to wind up a partnership estate. In this Federal court case, however, the main object sought was to have de-

creed this complainant plaintiff's status as widow or
contractually in the property of decedent in question,
subject to the ordinary settlement of accounts in the
probate court as might be proper therein.  (f) She has
under the foregoing statute and authorities the clear
right to maintain this her equity suit therefor.  This
is not a partition suit, but were it in the state circuit
court,  specially in equitable partition suits therein, it
is recognized practice to determine the rights and in-
terests of the parties and if administration is not com-
plete to hold the distribution in abeyance until the debts
are paid in the administration.  Chrisman v. Deveraux,
141 Mo. 122; King v. Ayres, 168 Mo. 250; Vantine v.
Butler, 250 Mo. 445.  (5) Authority for appointing re-
ceiver.  Sec. 1449, R. S. 1919; Santwell v. Lead Co., 199
Mo. 1; State ex rel. Elan v. Henson, 217 S. W. 17; Cox
v. Walkert, 86 Mo. 505; State ex rel. v. Loan Assn., 159
Mo. 102.  (6) Special commissioner's allowance of
$ ,000 on sale for $700,000 was reasonable.  .

RAILEY, C.—On March 20, 1920, plaintiff, Flem-
mon E. Gloyd, filed, in the Circuit Court of Jackson Coun-
ty, Missouri, a bill in equity, which had for its purpose
the obtaining of an order and decree authorizing the
sale of five parcels of real estate, located in Kansas City,
Missouri, belonging to the Gloyd Lumber Company, a
co-partnership formerly composed of plaintiff and his
brother, Albert M. Gloyd, now deceased, each being an
equal partner therein.  The case was tried on an amended
petition filed July 30, 1920.  All the parties interested
in the result were before the court.

The facts leading up to this litigation, as shown by
the record, are substantially as follows:

Maiette S. Gloyd, defendant herein, and said Albert
M. Gloyd, who was then a widower, were married in
Denver, Colorado, on December 10, 1914.  He had tuber-
culosis, and sought relief in Texas, Colorado and Cali-
fornia.  He was a citizen of Kansas City, Missouri, but
while temporarily at Denver, made a will, on August 26,

1915, as claimed by his wife, whereby he devised and bequeathed his estate to his brothers, Flemmon and Samuel Gloyd, and his wife, as trustees, to hold and administer (except household goods, jewelry and automobiles, which he gave direct to his wife). Said trustees were to pay out of the net income of the estate monthly, sums aggregating $1125, by way of annuities after his death, including $600 per month to his wife for three years. At the end of said three years, she was given 52% of all the trust estate, including accumulated undisposed-of income. On the same day, he added a codicil providing for any heir that might be born to his wife after his death. Contemporaneously, at the foot of the will, it is claimed that Mrs. Gloyd, by signed and attested writing, accepted the trust and benefits of above will and, in consideration of its benefits to her, waived and relinquished her dower rights. Albert M. Gloyd thereafter established his residence in California and, on May 4, 1916, made a will at Los Angeles, California, hereafter designated as the California will, in which he declared his residence to be in said State. In the last mentioned will, he expressly revoked the Denver will, and gave, devised and bequeathed his entire estate, wheresoever situated, unto Flemmon E. Gloyd and Samuel M. Gloyd, his brothers, and Walter B. Taylor, his nephew, named therein, as trustees. The trust above created was to continue during the lives of the persons therein named, and to terminate on the death of the survivor of them, and at all events at the expiration of ten years from and after the testator's death. By said will, testator gave said trustees power to hold, manage and control the property of his estate during said trust period, as they deemed proper, and to the same extent as he might do if living. Said trustees were directed to pay certain bequests out of the "net income" of his estate, including among others, to Maiette S. Gloyd, the sum of $10 and no more. She rejected said will and refused to take said $10 gift.

Albert M. Gloyd died childless on April 4, 1918, in California. The last named will was admitted to probate there, on May 20, 1918, and, on January 29, 1919, admitted to probate in Jackson County, Missouri, at Kansas City, and Flemmon E. Gloyd qualified as the executor thereof. He resigned as such executor May 12, 1920.

In the California will, testator gave, devised and bequeathed specified percentages of his "estate in trust" to said Flemmon E. Gloyd, Samuel M. Gloyd, and Wm. B. Gloyd, who are parties to this suit, and to about thirty-five other persons therein named.

On October 17, 1916, Albert M. Gloyd filed in the Superior Court of Los Angeles, California, his petition for divorce from said Maiette S. Gloyd, and, on February 27, 1918, an *interlocutory decree* was entered, which recites "that the plaintiff is entitled to a divorce from the defendant, and that when one year shall have expired, after the entry of this interlocutory judgment, a final judgment and decree shall be entered granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between the said plaintiff and the said defendant shall be dissolved," etc. As heretofore state, testator died April 4, 1918, less than one year from the date of said interlocutory decree.

On December 2, 1918, about six months after the probate of said will in California, and about two months before the probate of same in Missouri, Maiette S. Gloyd brought suit by a bill in equity, in the United States District Court for the Western Division of Western District of Missouri, at Kansas City aforesaid, against all the trustees, and beneficiaries under the California will, and Flemmon E. Gloyd, as surviving partner. The above bill alleged, in substance, that F. E. Gloyd qualified as executor in Kansas City, as surviving partner, on April 24, 1918; that the partnership property was practically all located in Kansas City, Missouri; that decedent A. M. Gloyd's equal share of same was worth $800,000; that the amount claimed by complainant therein, respondent herein, was in value $400,000;

that it was subject to the Missouri law of descent and inheritance; that the Denver will, and her relinquishment of marital rights thereon, constituted a contract, irrevocable by later will; *that she was his wife at the time of his death, and his widow by death;* that, in the alternative, if the Denver will was not such contract, then she was entitled to dower and marital rights therein under the laws of Missouri, and elected to take one-half her deceased husband's estate. Said bill concluded with a prayer, asking that the Denver will be adjudged binding and enforced, and that she be adjudged to have and be entitled to the benefits thereof; and in the alternative, if on proofs admitted, she be found not entitled thereto, that it be adjudged and decreed that she "as the widow of said Albert M. Gloyd, deceased, is entitled to all her rights of inheritance or dower under the law" and asked, that "she be decreed to be the owner of an undivided one-half interest" in the property of said decedent, and that her title be quieted, etc.

All of the defendants in said litigation, filed a joint answer on April 21, 1920, after the case had been commenced on March 20, 1920.

The foregoing bill and answer therein were read as evidence in this case.

The answer to Mrs. Gloyd's bill contained various defenses. It denied that there was any equity in said bill, and charged that it stated no cause of action within the jurisdiction of the court. It further alleged that there was a misjoinder of causes of action, in this, that plaintiff claimed 52% of the estate of Albert M. Gloyd under the Denver will and, in the alternative, claimed a half interest in the estate of said Gloyd·under the laws of Missouri. The answer admitted some allegations of the bill, denied others, and set up various defenses tending to show that plaintiff therein had no cause of action and was not entitled to any interest in the estate of Albert M. Gloyd, except the $10 given her in the California will. The answer likewise pleaded the divorce proceeding, brought by Albert M. Gloyd in his lifetime

against said Maiette S. Gloyd, which culminated in an interlocutory decree for divorce, prior to the death of said Gloyd. It is further averred that Mrs. Gloyd, at the time of the death of said Albert M. Gloyd, was neither his wife, nor widow, and that, by reason thereof, she was not entitled to any interest in his estate, except as to the $10 aforesaid.

It appears from the abstract that the testimony in this case was closed on November 27, 1920. The amended answer alleged by plaintiff herein to have been filed in Mrs. Gloyd's case on December 2nd cannot, therefore, be considered as a part of the record herein, as the testimony had been closed before the filing of said amended answer.

The plaintiff and Albert M. Gloyd, at the date of the latter's death on April 4, 1918, owned, as co-partners, in Kansas City, Missouri, the following tracts of land:

1. An undivided two-thirds interest (the remaining undivided one-third interest being owned by Samuel M. Gloyd) in the East 110.5 feet of Lot 57, Swope's Addition, an addition to Kansas City, Missouri, herein called Tract One.

2. The North 39.42 feet of Lot 11 and all of Lots 12, 13, 14, 15, 16, 17 and 18, Block 4, Vineyard's Addition, an addition to Kansas City, Missouri, herein called Tract Two.

3. All of Lots 1, 2, 3, 4, 5, 6, 7 and North 36 feet of Lot 8, Block 3, Vineyard's Addition, an addition to Kansas City, Missouri; also, the east half of vacated alley adjoining Lots 7 and 8, herein called Tract Three.

4. All of Lots 485 and 486, Block 36, McGee's Addition, an addition to Kansas City, Missouri, except portion taken for alley and widening of Main Street, herein called Tract Four.

5. An undivided one-third interest (the remaining undivided two-thirds interest being owned by Samuel M. Gloyd) in all of Lots 30, 31, 32, 33, 34, 35, 36, 37 and 37, Union Station Addition, an addition to Kansas City, Missouri, herein called Tract Five.

At the time of the death of Albert M. Gloyd the co-partnership aforesaid was indebted as follows:

| | |
|---|---:|
| Mortgage indebtedness dated April 29, 1910, on Tract One—Gloyd Building .................... | $ 66,666.65 |
| (The indebtedness on said property, for all of which the partnership estate was liable, was one-third greater than the amount stated, Samuel M. Gloyd being the owner of a third interest, is liable for the other third of the indebtedness.) | |
| Mortgage indebtedness dated January 3, 1916, on Tract Two— Montgomery Ward Building .... | $140,000.00 |
| Unsecured indebtedness consisting of short time partnership notes. book accounts and taxes and special assessments for 1918, in the aggregate amount of ........ | 77,807.36 |
| Total ............................ | $284,474.01 |

Plaintiff as surviving partner of the Gloyd Lumber Company, on being confronted with the foregoing indebtedness, a part of which was due and soon to become due, realized that in order to sell and pass a good title to said real estate, without sacrifice, it would be necessary to have a decree in chancery, with all the parties in interest before the court, authorizing the sale of same. He accordingly filed the original bill herein, and the amended petition upon which this cause was tried. The latter, in substance, alleges, that on April 4, 1918, and prior thereto, plaintiff was a member of the Gloyd Lumber Company, a co-partnership consisting of himself and Albert M. Gloyd, each being an equal partner therein; that said co-partnership owned the five tracts of real estate aforesaid, describing same; that Albert M. Gloyd died testate, while a resident of California on April 4,

1918; that said co-partnership was thus terminated, and
plaintiff, as surviving partner, took charge of said es-
tate under the laws of Missouri.  He then set out the
terms and provisions of the California will, executed by
said Albert M. Gloyd as heretofore stated, and named
the beneficiaries therein.  It is alleged that on January
29, 1919, plaintiff was appointed by the Probate Court
of Jackson County, Missouri, executor of the estate of
said Albert M. Gloyd, qualified and acted as such until
May 12, 1920, when he surrendered his letters as execu-
tor, and the probate court of said county appointed
George H. English administrator *de bonis non* etc.  It
is alleged, that Maiette S. Gloyd claims to be the widow
of said Albert M. Gloyd, deceased; that she also claims
that Albert M. Gloyd, on August 26, 1915, by an instru-
ment alleged by her to be partly testamentary and part-
ly contractual, agreed to and did give, devise and be-
queath unto her, a certain portion of his property, and
52% of the remainder of his estate; that she claims,
by virtue of the foregoing, and by virtue of being his
widow, to have an interest in the residue of the co-part-
nership estate of the Gloyd Lumber Company, passing to
the estate of Albert M. Gloyd, upon final distribution.
The petition, with particularity, further sets out the in-
debtedness, the nature of same, and alleges that the
total cash assets of the co-partnership estate did not
exceed $17,000.  It is further averred that the duty de-
volved on plaintiff, as promptly as practicable, to sell the
entire co-partnership assets and estate, and to reduce the
same to cash, in order that he might perform his duties
as such surviving partner, make his final settlement as
such, and close the administration of such estate, etc.
It is further averred that, in order to raise money to
pay the partnership debts, prevent foreclosure of the
mortgages aforesaid and to avoid loss to all others who
may be entitled to an interest in the residue of the part-
nership estate on final settlement, plaintiff has endeav-
ored to sell portions of said property, but was unable
to do so, by reason of his inability to pass a good title

under deeds made by himself as surviving partner. He further alleges that the immediate object of this suit is the establishment and enforcement of said lawful rights in favor of plaintiff as surviving partner, and against said defendants, and each of them, in their individual and representative capacities, and against all claims under or through them or any of them. It is alleged that plaintiff has no adequate remedy at law, and in order to prevent a mutiplicity of suits, legal and equitable, and to enhance the vendibility of said property, so as to secure and protect the greatest value to all claiming any interest in the residue of the partnership property, to prevent waste and loss, etc., plaintiff seeks aid of this court in equity, and prays: (a) That a decree shall be entered directing, upon such terms as the court may deem best, the sale of all said partnership property composed of the five tracts of real estate heretofore mentioned, in such manner that, under the sale thus made, there shall pass to the purchaser all the right, title, interest and estate, legal and equitable, of all persons having, or claiming to have, any interest or estate of any kind or character therein; (b) confirming in the purchaser of said real estate full and complete title in fee simple, free from all claims of every kind of the parties hereto, in whatever capacity, and of all persons claiming under or through them, and (c) directing that all the proceeds of said sale, shall pass to plaintiff, to be held and administered by him, as sole surviving partner of said partnership, under and in accordance with the laws of this State, and for such other relief as may be proper.

Defendant, Maiette S. Gloyd, filed an answer to the amended petition herein and set up substantially the same facts alleged in her bill in equity, filed in the Federal court supra, and, in addition thereto, made certain admissions and other averments which will be referred to hereafter. In said answer, after pleading the pendency of her bill in equity aforesaid, she alleged that, in so far as the present cause of the plaintiff herein seeks

to sell any of the real estate belonging to said partner-
ship over and above the amount necessary to pay just
debts of said partnership, or seeks to distribute her rights
in the surplus real property, such effort invades and
tends to override the jurisdiction of the Federal court in
the premises, and this court has no jurisdiction, in re-
spect to said matter; that plaintiff and the other defend-
ants in this cause are, in said Federal court action, deny-
ing and contesting her claims and assertions of an inter-
est in the real property aforesaid, and deny that she has
any interest in the estate of said Albert M. Gloyd.   It
is further averred in said answer that Samuel M. Gloyd
and Walter B. Taylor are not trustees for her or of any
property claimed by her, as she claims an interest in-
dependent of the California will under which they are
acting.   It is alleged that she brought the suit in the
Federal court aforesaid, in order to have her rights de-
termined in respect to said property, and that this court
had no jurisdiction to proceed any further than to per-
mit plaintiff, as surviving partner, to sell such small
portion in the partnership in Missouri, as may be neces-
sary to pay said partnership debts as may be unpaid at
the date of such sale and otherwise unprovided for.
Among other things the answer further alleges that, in
the event, for payment of partnership debts, the court
determines that it is necessary to sell any of said real
estate over her protest, that in no event shall the same
be sold other than by a commissioner appointed by the
circuit court for such purposes, and as a judicial sale,
in order that the proceeds of such sale, of said real es-
tate, shall be in the hands and treasury of this court for
proper distribution on final determination of said Fed-
eral court suit, and of this defendant's rights and in-
terest therein, and that such proceeds be not subject to
any attempt at distribution by plaintiff.   She further
asks in said answer that her rights be protected in the
event a sale be made of said real estate not ordered to
pay partnership debts, by holding such proceeds in the
treasury of this court until her rights in and to said real

property shall have been finally determined and adjudicated in said Federal court action.

Samuel M. Gloyd, Walter B. Taylor and Wm. B. Gloyd filed a joint answer herein practically admitting the allegation of plaintiff's petition, except as to some matters not necessary to set out. Defendant George H. English, as administrator *de bonis non* etc., also filed an answer similar to that filed by the other defendants supra; except Mrs. Gloyd.

The plaintiff herein filed a reply to the answer of Mrs. Gloyd and put in issue new matters pleaded in said answer.

On July 20, 1920, the court, after hearing the evidence in this cause, took the same under advisement until August, 31, 1920, at which time it entered an *interlocutory decree* herein, setting out the facts on which it was based and the necessity for entering said decree. As a part thereof, it appointed Clement A. Lawler as special commissioner, to sell all five of the tracts of real estate heretofore mentioned, and in said decree set out in detail the duties devolving upon said commissioner in making said sale. Among other things, said interlocutory decree contains the following:

"The court hereby expressly reserves jurisdiction to approve and confirm or reject any report hereafter made by the commissioner of acts and things done under or pursuant to this decree and to make and enter such further orders, judgments and decrees in the premises as to the court may seem just and proper."

It appears from the record that all the parties in interest, were satisfied with the interlocutory decree, except Mrs. Gloyd, who, on August 31, 1920, filed motions for a new trial and in arrest of judgment. On September 21, 1920, her motions for a new trial and in arrest of judgment were overruled and, on September 24, 1920, she applied for an appeal to this court, which applicacation was overruled.

On October 22, 1920, Mrs. Gloyd filed in the Supreme Court an application for a writ of prohibition to prevent

the Circuit Judge from entering said interlocutory decree. This application was overruled by the Supreme Court. Thereupon Special Commissioner Lawler made a full and detailed report of his proceedings aforesaid, which culminated in the sale of all five of said tracts of said real estate, to the Gloyd Realty Company, for $700,000.

On November 3, 1920, Mrs. Gloyd filed a motion to set aside said sale. The plaintiff and Gloyd Realty Company filed motions requesting the court to confirm said sale. The motion filed by plaintiff, reads as follows:

"Now comes plaintiff and moves the court to confirm the sale heretofore by the special commissioner made on October 29, 1920, to Gloyd Realty Company and to confirm said report heretofore filed herein and to take such further action as to the court may seem proper and best."

After the trial court made known to the parties in interest the nature of the final judgment proposed to be entered, all the parties in interest, except Mrs. Gloyd, withdrew their request for a confirmation of the report of sale under the final decree. Mrs. Gloyd, upon being informed as to the proposed final decree, withdrew, with the consent of the court, her motion to set aside the sale, heretofore filed.

The final judgment was entered in this cause on March 7, 1921, motions for a new trial, etc., were filed by the defendants, except Mrs. Gloyd, which were overruled and the cause duly appealed by all the parties to this court, except Mrs. Gloyd.

In the brief filed by plaintiff, at pages 31-2-3 and 4, the following appears:

"Those portions of the decree of which the appellants, and each of them, complain as erroneous and prejudicial, are as follows:

"1. The allowance of $10,000 to the special commissioner as compensation for his services, and the decree that he shall pay to himself that sum.

"2. To all those paragraphs and portions of the decree which read as follows:

"'(g2) To Flemmon E. Gloyd as surviving partner the sum of $20,000 as a fund now by this court found and deemed from the evidence to be sufficient to cover and supply any lack of other moneys, and funds in his hands to pay any balance of partnership debts and obligations, legal or equitable, and costs of administration of the Gloyd Lumber Company, any part of this sum not necessary for such purpose to be taken and considered as part of the realty sold which it represents in part as between the plaintiffs and defendants in this action.

"'(g3) To the receiver hereinafter named and appointed the sum of $20,000 to be by him held subject to the further order of the court in this cause for the contingent purpose of supplying and providing for any possible deficiency in funds to pay partnership debts or obligations in event the amount herein above ordered to be paid the administering surviving partner should prove insufficient; and this to be paid to him for such purpose upon proper and sufficient application and showing of necessity therefor as the same may, if it does, from time to time arise and so further to be held and disposed of by the receiver as this court may order.

"'(h) To Flemmon E. Gloyd, surviving partner, a sum equal to one-half of the balance of the money remaining on hand, received by the special commissioner under said bid on account of the purchase price of the said property, after the payments heretofore directed have been made.

"'(i) Out of the balance, being one-half of the remainder of the proceeds of said sale after paying the amount stated in subdivisions (A) to (G), inclusive, the court reserves the sum of seventy-five hundred dollars to cover all future costs and expenses that may be incurred in this proceeding, said sum to be paid to the receiver of this court hereinafter designated.

"'(j) Of the balance remaining after having paid and reserved the amounts hereinbefore stated, being one-

half of said sum received from the sale of said real estate, after the payment of the amounts set forth in subdivisions (A) to (G) inclusive, and after reserving from same the sum of seventy-five hundred dollars, forty-eight per cent of said sum shall be paid by the commissioner to said Flemmon E. Gloyd, as surviving partner for the reason that his claim thereto as such is not disputed by and its assertion is joined in by the defendant trustees under the will of A. M. Gloyd, deceased, and by George H. English, administrator *de bonis non* with will annexed of the estate of A. M. Gloyd, deceased, and the other fifty-two per cent of said sum shall be paid by the commissioner to the receiver hereinafter now appointed by the court to receive, hold and disburse said fund under the direction of this court.

   " 'It is therefore further ordered, adjudged and decreed by the court that Mord M. Bogie, Esq., be appointed receiver of this court to receive, hold and disburse under the direction of this court the three certain sums of money set out and referred to in paragraphs (g3), (i) and the latter part of (j). Bond with sufficient sureties in the sum of one hundred and twenty-five thousand dollars, to be approved by the court, shall be given by said receiver; the reasonable cost thereof if made by a surety company, to be paid out of the funds herein directed to be turned over to him, as part of the expenses of the receivership, and it shall be the duty, and it is so ordered, that said Commissioner Clement A. Lawler, deliver to the said receiver heretofore named the sum mentioned in paragraph (g), to-wit $20,000, the said sum of seventy five hundred dollars, as more fully set out in foregoing paragraph (i), and the further sum of fifty-two per cent of the balance of said money remaining in the hands of said commissioner after making the payment set forth in paragraphs (A) to (I), inclusive, and more fully described in paragraph (j). An said Commissioner Clement A. Lawler, shall make said transfer of said fund hereinbefore set forth to said receiver within five days from the date said receiver qualifies.' "

I. It is conceded by counsel herein that, since the trial below, a settlement has been made with respondent Maiette S. Gloyd, and that she has no further interest in the subject-matter of this litigation.

**Final Decree: Validity Determined as of its Date.**

In passing upon the validity of the interlocutory decree of divorce in the case of Albert M. Gloyd v. Maiette S. Gloyd, referred to in the pleadings and evidence, the Supreme Court of California, in the prohibition case of Maiette S. Gloyd v. Superior Court of Los Angeles, California, in 185 Pac. l. c. 996, said:

"That relation and status having been dissolved by death, the petitioner, Maiette S. Gloyd, forthwith became the surviving wife of Albert M. Gloyd, with the vested right to be recognized as his widow and with such further vested rights of property as may result from the fact that she was his wife at the time of his death."

In passing upon the validity of the final judgment rendered in this case, we must do so upon the theory that respondent Maiette S. Gloyd, when said decree was rendered, was a party to this litigation, and in court asserting her legal rights.

II. Appellants in their assignment of errors, contend, that the trial court erred in that part of the final decree, which reads as follows:

"That Clement A. Lawler, Special Commissioner, herein, be and he is hereby allowed the sum of ten thousand dollars as compensation to him in full for all services heretofore rendered and to be by him hereafter rendered as such special commissioner."

**Special Commissioner: Allowance Reasonable.**

In a brief filed by appellants in this court on January 23, 1922, we find the following:

"We contended at that time that the allowance to the commissioner ought not to exceed $5,000, as a fair compensation for his services, and that, with the utmost liberality in dealing with other people's money, it ought not to be in excess of $7,500."

Counsel for appellants in their reply brief admit that "no fault is found with the manner in which the special commissioner performed his duties," etc.

After reading the record and numerous briefs in this case, we are of the opinion that the above allowance to the special commissioner was not unreasonable, and that no error was committed in the allowance of same.

III. The final judgment rendered herein is assailed by appellants, on the ground that the trial court acted without jurisdiction in appointing a receiver, and impounding a part of the proceeds of the sale of said partnership property, to be held *in custodia* *legis,* until the rights of respondent Maiette S. Gloyd could be determined in the Federal court, under her bill in equity filed in 1918, before the commencement of this litigation.

*Final Decree:* *Receiver: Jurisdiction.*

The facts have heretofore been very fully stated, and will only be referred to again in a general way. For the purposes of the case, without stopping to consider the matter, it may be conceded that the widow of a partner has dower or a child's part only, in what remains, after the payment of the partnership debts, and the adjustment of the claims of the partners. In this case, it is manifest upon the face of the record that the assets of the Gloyd Lumber Company, over and above all indebtedness, will be in excess of the sum of $300,000. The share of Albert M. Gloyd would amount to $150,000 or more. With matters standing in this shape, appellants denied that respondent Maiette S. Gloyd was the wife and widow of Albert M. Gloyd at the time of his death. They contended that she had no interest in his estate, except to the extent of the $10 given her in the California will which she rejected.

On December 2, 1918, Mrs. Maiette S. Gloyd lived in Wyoming and, on the above date, filed a bill in equity in the Federal court at Kansas City, Missouri, against these appellants, to have said court construe the Denver will aforesaid, and if it was found to be invalid, to declare that she was entitled to one-half of the Missouri real es-

tate aforesaid as the widow of said Albert M. Gloyd, etc.
The proceedings in the Federal court were authorized by
the laws of this State. [First Baptist Church v. Robber-
son, 71 Mo. 326-7; Hurst v. Von De Veld, 158 Mo. l. c.
243; Andre v. Andre, 232 S. W. (Mo.) l. c. 155, and cases
cited.] Aside from the foregoing, Mrs. Gloyd had the
legal right to call upon the Federal court, under her bill
in equity aforesaid, to ascertain and determine under
Section 2535, Revised Statutes 1909 (now Sec. 1970, R.
S. 1919) what interest, if any, she had in the Missouri
lands aforesaid as the widow of Albert M. Gloyd de-
ceased. [Martin v. Jones, 228 S. W. (Mo.) l. c. 1054.]
On April 21, 1920, appellants herein filed an answer in
the Federal court to Mrs. Gloyd's bill supra, and denied
therein that she had any interest in Albert M. Gloyd's
estate, as widow or otherwise, etc. The Federal court
was, therefore, vested with full power and authority to
ascertain, determine and decree what right, title and
interest, if any, Mrs. Gloyd had in the Missouri lands
aforesaid.

Notwithstanding the pendency of the equitable pro-
ceeding in the Federal court, where this plaintiff had
answered as a defendant, on March 20, 1920, he com-
menced the present action, to obtain a decree to sell the
Missouri lands aforesaid. Mrs. Gloyd answered in this
case, set up the pendency of the proceedings in the Fed-
eral court, and asserted that the trial court herein had
no right to sell any of said property, except for the
payment of the partnership debts, until the determination
of her rights in the Federal court.

As a matter of comity, it was the duty of the trial
court to have complied with her request, and simply
ordered the sale at that time of enough of said land to
pay the partnership debts. [State ex rel. v. Williams,
221 Mo. l. c. 254; State ex rel. v. Stone, 269 Mo. l. c.
345-6, 190 S. W. 601; Reed v. Railroad, 277 Mo. l. c. 84
and following; Covell v. Heyman, 111 U. S. 176.]

Mrs. Gloyd in her answer also asked the court, in
case the balance of said real estate was ordered sold,

to sell the same through a commissioner, and to protect her rights, by holding the proceeds in the treasury of the court until her rights were determined in the Federal court action.

As shown in the preceding statement the trial court appointed a receiver, in order to protect Mrs. Gloyd's interest, until her rights were determined in the Federal court. After Mrs. Gloyd's rights had been thus protected, she withdrew her objections to the interlocutory decree aforesaid, acquiesced in the final decree as rendered herein, and did not appeal therefrom. On the other hand, appellants appealed from the final decree, on the ground that the same was unauthorized, and that the trial court had no jurisdiction to enter same. If the trial court had the power to enter said decree, its action in so doing ought to be sustained. On the other hand, if the property had been sold under the terms of the decree without protecting the interests of Mrs. Gloyd as aforesaid, and she had appealed from said judgment to this court, we would undoubtedly have reversed and remanded the cause, as we did in the case of State ex rel. v. Stone, 269 Mo. 1. c. 345-6, and for the same reason.

IV. This brings us face to face with the proposition, as to whether the trial court had jurisdiction and the power to render the decree complained of by appellants herein.

This was not a statutory proceeding, where the rights of the chancellor were circumscribed by the provisions of the law under which he was proposing to act, but on the contrary, it was an application to a court of chancery to act in the exercise of its inherent and common law rights. The circuit court had jurisdiction **Jurisdiction:** over this class of subjects. It had jurisdic-**Preservation** tion over the subject-matter of this litiga-**of Fund:** **Receiver.** tion, and had before it all the parties in interest. It was called upon, to enter a decree, after a hearing, for the purpose of passing the title to real estate of the value of $700,000. In the exercise of this power, it was the duty of the court, to have due re-

gard for the proceedings already commenced in the Federal court, to determine what rights, if any, Mrs. Gloyd had in respect to said land. If the Federal court found she had no interest therein, these appellants would have sustained no injury, and would have been entitled to the property of Albert M. Gloyd, deceased. If, on the other hand, the Federal court, after a hearing, had held that Mrs. Gloyd was entitled to one-half the estate of Albert M. Gloyd, after the debts of the partnership had been paid, and the claims as between the co-partners adjusted, she would have had the right to call upon the trial court in this case to see that the proceeds due her were secured by bond or otherwise before the entire proceeds of the sale were turned over to the surviving partner.

In other words, the decree as rendered, did not undertake to deprive appellants of any legal rights which they might ultimately have in the distribution of the proceeds of said sale, but held these rights in abeyance, until Mrs. Gloyd's status could be determined by the Federal court, which then had exclusive jurisdiction over this subject.

We do not find anything in the authorities cited which would warrant us in holding that the final judgment rendered in this case, on the facts as they then existed, was improper. On the contrary, it is well supported, on principle at least, by many well considered authorities in this State, some of which are as follows: Rozier v. Griffith, 31 Mo. 171; Paris v. Haley, 61 Mo. l. c. 462; Real Estate Saving Inst. v. Collonious, 63 Mo. l. c. 295; Dameron v. Jameson, 71 Mo. 97; Holloway v. Holloway, 97 Mo. l. c. 639-40; Hagan v. Bank, 182 Mo. l. c. 342-3; Snyder v. Arn, 187 Mo. l. c. 177-8; School District v. Holt, 226 Mo. l. c. 406; Barnard v. Keathley, 230 Mo. l. c. 224-5; Waddle v. Frazier, 245 Mo. l. c. 402-3-4; McAllister v. St. Joseph St. Const. Co., 181 S. W. (Mo.) l. c. 58; Woolum v. Tarpley, 196 S. W. (Mo.) l. c. 1128-9; Martin v. Jones, 228 S. W. (Mo.) l. c. 1054-6.

The broad doctrine of this court, in respect to above matter, is very clearly and forcefully stated by SHER-WOOD, J., in Real Estate Saving Inst. v. Collonious, 63 Mo. l. c. 295, as follows:

"The court had the subject-matter of the suit within its grasp; had jurisdiction of that and likewise of the parties; and the doctrine is too well settled to admit of either discussion or dispute, that when a court of equity once acquires jurisdiction of a cause it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice between the parties."

It is unnecessary to extend this discussion further. We are of the opinion that the final decree rendered by the trial court on the facts then before it, was proper, and that the allowance in behalf of the special commissioner should be sustained. As heretofore stated, appellants have, since the trial below, settled with respondent Maiette S. Gloyd, and she no longer has any interest in the result of this litigation. In view of this situation, there is no further necessity for a receiver, as all the proceeds of the sale, after deducting the special commissioner's compensation, and other costs and expenses incurred herein, should be turned over to the plaintiff as surviving partner of the Gloyd Lumber Compaany.

In order, therefore, that the trial court may modify its record, in accordance with the foregoing, and to enable it to make all necessary entries to perfect the purchaser's title, etc., we remand the cause for such further proceedings as may be deemed necessary and proper in the circuit court. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.